SUPREME COUNCIL AMERICAN LEGION OF HONOR v.
JAMES F. STORY ET AL.

No. 1280.  Decided January 21, 1904.

**1.—Benefit Society—Penalty and Attorney's Fees.**

Findings considered and held to show that a defendant benefit society incorporated in another State was an association having no capital stock, but a relief fund created by assessments upon members, within the meaning of article 3096, Revised Statutes.  (P. 270.)

**2.—Same—Proviso—Burden of Proof.**

In actions against benefit associations such as are mentioned in Revised Statutes, article 3096, plaintiffs seeking to recover the penalty for nonpayment and the attorney's fees provided by Revised Statutes, article 3071, must show the facts bringing defendant within the operation of that article, such as a failure to make its annual report under oath to the insurance department of this State.  (Pp. 270, 271.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Milam County.

The Supreme Council prosecutes error from a judgment of the appel-

late court affirming a recovery against it by Story and another with judgment for statutory penalty and attorney's fees.

*John L. Terrell* and *Monta J. Moore,* for plaintiff in error.—The Court of Civil Appeals erred in holding, in the first paragraph of its opinion, as follows: "There is no assignment of error complaining of the foregoing findings of fact as unsupported by testimony, and therefore appellants must be regarded as acquiescing in the correctness of the findings, and the appeal must be disposed of on the same theory;" because a complete statement of all the facts, as well as the conclusions of fact found by the trial court, was brought up in the record, and the Court of Civil Appeals was at liberty, in disposing of the case, to scrutinize all the facts in order to determine whether the judgment of the trial court should be maintained. Tillman v. Peoples, 28 Texas Civ. App., 233; Tuder v. Hodges, 71 Texas, 395.

Appellant being a fraternal beneficiary society is not liable for the statutory penalty of 12 per cent imposed against insurance companies. Acts 1899, Gen. Laws State of Texas, chap. 115, pp. 195-200; Supreme Council Am. Legion of Honor v. Larmour, 81 Texas, 71; Aetna Life Ins. Co. v. Parker & Co., 96 Texas, 287.

Defendant being a fraternal beneficiary society is not liable for attorney fees provided by statute governing insurance companies.

*Hefley, McBride & Watson,* for defendants in error.—As bearing upon our right to recover the penalty and attorney fees, we submit the following: The laws in force at the time of making a contract, and in pursuance of which the contract was made, enter into and form a part of the contract as if they were incorporated in it, including those which affect its validity, construction, discharge and enforcement. Columbia County v. King, 13 Fla., 451; 2 Century Dig., p. 747, sec. 750, and numerous cases there cited; Camfrangue v. Burnell, 1 Wash. C. C., 340; Arnaud v. Arnaud, 3 La., 337; National Bank v. Sebastian County, 5 Dil., 414; Aycock v. Martin, 37 Ga., 124; Parker v. Buckner, 67 Texas, 23; 15 Am. and Eng. Enc. of Law, 2 ed., 1057, 1053.

Applying the above law to the facts of the case seems to us to absolutely decide our right to the penalty and attorney fees. As early as 1874 the law was in force, providing that in case of loss the life insurance company should be liable to pay the penalty and attorney fees. Piedmont case, 50 Texas, 511. The present contract of insurance was written in the year 1881, as will appear from the trial court's findings of fact, same having been merged into subsequent renewals of same, merely changing the beneficiary. So, at the time the contract was written the parties contracted with reference to the law affixing the penalty and attorney fees in case of the contingency of the company's refusal to pay after demand, and this law became an integral part of the contract of insurance, adding to its value, and prescribing a method of enforcing it without cost to the holder; in other words, this provi-

sion of the law then in force is to be read into the contract. McCracken v. Hayward, 2 How., 608.

Thus stood the law as against an assessment insurance company, as well as other life insurance companies, until the year 1885, at which time was passed the act, now known as article 3096, Revised Statutes, exempting mutual relief associations in certain cases. In 1889 another act was passed, relating to certain assessment companies, section 3 of which provided that the provisions of said "act" should in nowise apply to mutual benefit organizations doing business in this State through lodges or councils, such as certain enumerated orders. By the revision of 1895 this latter act has become articles 3090, 3091 and 3092 of the Revised Statutes, the word "act" as above quoted being changed to "chapter." In 1899 the law relating to fraternal beneficiary associations was passed. Hence we see, whether we look to the law of 1885, or 1889, or 1899, in search for provisions exempting fraternal beneficiary associations, we find the contract in the present case in force for many years, and unaffected by either of said laws attempting to relieve fraternal beneficiary associations or mutual benefit organizations or mutual relief associations.

Not only so, but the further principle is properly invoked here, that a prospective effect is to be given to all of said laws relieving such associations from the provisions of the law as to the penalty and attorney's fees, and said laws are to be understood as relieving such associations merely as to contracts issued after the passage of said laws, and as not having reference to instances of contracts then in force. Piedmont case, 50 Texas, 511.

BROWN, Associate Justice.—James F. Story and William A. Story instituted this suit against the Supreme Council American Legion of Honor, hereafter called Supreme Council, to recover from them the balance of $3000 claimed to be due by the council to plaintiffs below on a benefit certificate issued to D. M. Story, in which certificate James F. and William A. Story were named as beneficiaries. The case was tried before the court without a jury, and the judge filed conclusions of fact from which we make the following condensed statement and extracts necessary to the decision of the questions presented in this court:

The Supreme Council is a fraternal beneficiary corporation created under the laws of the State of Massachusetts, and since the year 1879 has been continuously engaged in the business of issuing policies upon the lives of persons who might become members of the order; and during all of the time it had a subsidiary branch at Cameron, Texas, known as the Hercules Chapter, No. 265.

On the 19th day of October, 1880, D. M. Story was regularly received as a member of Chapter No. 265 upon her application in writing, which contained the following stipulation: "I agree to make punctual payment of all dues and assessment for which I may become liable, and to conform in all respects to the laws, rules and usages of the order now in

force, or which may hereafter be adopted by the same." On the 30th day of March, 1881, the Supreme Council issued and delivered to D. M. Story its policy of insurance or benefit certificate for $5000, in all respects like the one now sued upon except that the beneficiaries were different. On March 20, 1891, a benefit certificate, in lieu of the first, issued to D. M. Story for the same amount, containing the same stipulations, in which the defendants in error were named as beneficiaries. And on March 6, 1897, another certificate, the one here sued upon, was issued in lieu of the second certificate, for the same amount and embodying the same terms. The certificate last issued contained the following stipulations: "This is to certify that D. M. Story is a companion of the American Legion of Honor, said companion having made application for membership to Hercules Council, No. 265, A. L. of H., instituted and located at Cameron, in the State of Texas, and passed the requisite medical examination, and has been duly initiated into said council, and this certificate is issued to said companion as an evidence of the facts in it contained and as a statement of the contract existing between said companion and the Supreme Council American Legion of Honor. In consideration of the full compliance with all the by-laws of the Supreme Council A. L. of H. now existing or hereafter adopted, and the conditions herein contained, the Supreme Council A. L. of H. hereby agrees to pay Jas. F. Story and Wm. A. Story, children, one-half each, five thousand dollars, upon satisfactory proof of the death while in good standing upon the books of the Supreme Council of the companion herein named, and a full receipt and surrender of this certificate. Subject, however, to the conditions, restrictions and limitation following:

" 'First. That all statements made by the companion in application for membership; and all answers to the questions contained in the medical examination are in all respects true, and shall be deemed and taken to be express warranties.

" 'Second. That said companion shall have paid all assessments called within the time and in the manner required by the by-laws of the Supreme Council in force at the time of the issuance of this certificate or as the same may be hereafter amended.' "

The certificate was duly executed and signed by the proper officers of the council. D. M. Story died December 6, 1901, and the beneficiaries, James F. Story and William A. Story, gave due notice of the death and made satisfactory proof according to the requirements of the by-laws of the order. D. M. Story continued to be a member in good standing of the order up to the time of her death.

At a meeting of the Supreme Council in the year 1900 the following by-law was passed: "55. Two thousand dollars shall be the highest amount paid by the order on the death of a member upon any benefit certificate heretofore, or hereafter issued. This sum shall be paid on the death of every member holding a benefit certificate of two thousand dollars or over; and one thousand dollars on the death of every member holding a benefit certificate for that amount; and five hundred dollars

on the death of every member holding a benefit certificate for that amount. Provided that if, at the death of said member, one full assessment upon each of the members of the order will not amount to the full sum of two thousand dollars, then the amount to be paid to the beneficiaries of said deceased member shall not exceed the amount collected by said assessments, if said member's benefit certificate is for two thousand dollars; one-half of the amount if the benefit certificate is for one thousand dollars, and one quarter of the amount if the benefit certificate is for $500. And provided that the face value of the benefit certificate shall be paid, so long as the emergency fund of the order has not been exhausted. And provided that the said member shall at the time of the death be a member of the order in good standing and shall have complied with all the laws, rules and regulations of the order, as they now are, or as they may hereafter from time to time be altered or amended."

Neither D. M. Story nor the beneficiaries ever expressly or impliedly consented to the passage of the by-law and there was no proof that either of them knew that the passage of the by-law was contemplated, but they learned of the fact shortly after it had been enacted. At the time the by-law was adopted the emergency fund of the order was $413,217.31, and when proof of the death of D. M. Story was made that fund amounted to $406,334.31.

Just before the enactment of that by-law the amount of each assessment made upon this benefit certificate was $4.80 for each one thousand, making the sum of $24. After the by-law went into effect the assessments levied were $4.80 per thousand on two thousand, making the sum of $9.60, which assessments so reduced were paid by D. M. Story continuously thereafter up to her death. D. M. Story paid all assessments and calls that were made upon her during her lifetime punctually and in compliance with the by-laws. The assessments paid by D. M. Story after October 1, 1900, were twenty-two in number at $9.60 each. As soon as D. M. Story and the beneficiaries in the certificate learned of the passage of the by-law, James F. Story for himself and his mother D. M. Story and for his brother William A. Story protested against any attempt on the part of the council to scale the amount to be paid upon the benefit certificate here sued upon, and insisted that the said D. M. Story, or himself, be permitted to pay the assessments in the amount levied and required prior to the passage of the said by-law, and the said James F. Story then notified the defendant that his mother and the beneficiaries desired to pay all assessments and do all things necessary to entitle them to the full $5000, but the defendant declined to permit them to pay according to the original amount and received the amount of $9.60 at each assessment after the 1st day of October, 1900.

At the same session of the Supreme Council at which by-law No. 55 was enacted, the council adopted the following by-law: "72. An emergency fund of five per centum of the aggregate face value of all outstanding benefit certificates as recognized by the by-laws of the order is

hereby established, to be created, collected, maintained and disbursed in conformity with the laws of the State of Massachusetts; and that for the establishment of said fund there be charged against the certificate of each member of the order five per centum of the by-law value (reduced or otherwise) thereof; provided, however, that if, upon the decease of any member, any part of said charge shall remain unpaid by said member to said fund, the same shall be deducted from the amount payable to the beneficiary. This by-law shall take effect September 1, 1900." Neither D. M. Story nor the beneficiaries in the certificate ever paid the assessment provided for in that by-law.

On August 27, 1902, the Supreme Council paid James F. and William A. Story $2000 on the benefit certificate, which they delivered to the council with the following indorsement thereon: "Undersigned - beneficiaries named in the within benefit certificate hereby acknowledge having received the amount herein agreed to be paid, and this certificate is hereby surrendered to the Supreme Council American Legion of Honor for cancellation." And at the same time James F. and William A. Story executed and delivered to the council the following release: "Release. Know all men by these presents that I, James F. Story and William A. Story, beneficiaries of the late Dollie. M. Story, do hereby remise, release and forever discharge the Supreme Council American Legion of Honor, its successor and assigns, of and from all and all manner of actions and causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts and agreements, judgments, claims and demands whatsoever in law or in equity which against the said Supreme Council American Legion of Honor I ever had, now have, or which my heirs, executors, administrators or assigns, or any of them hereafter can, shall or may have for or by reason of any cause, matter or thing whatsoever, from the beginning of the world to the date of these presents." The only consideration paid for the receipt and the release recited above was the $2000. At the time the payment was made and the receipt and release executed and delivered, the Supreme Council did not claim that it was not liable for the whole amount expressed in the benefit certificate, and at that time did not believe and had no reasonable ground to believe that it was not liable for the full sum of $5000.

The defendants in error of necessity incurred in the prosecution of this suit for the services of attorneys the sum of $400, which is a reasonable fee for the services rendered.

We copy the following additional conclusion of fact filed by the Court of Civil Appeals: "18. I find, as already stated in my former conclusions of fact, that the defendant is a fraternal beneficiary society; but the evidence fails to show as to whether it is an association having no capital stock, or as to whether it is conducted by lodges, a quorum of whose members meet in their respective lodge rooms at least one a month, or whether it has made to the insurance department of this State a report or statement such as the laws of this State require; or as to whether it has designated the Insurance Commissioner of this State as

its agent, upon whom service may be had. And the evidence shows that it is not such a fraternal beneficiary association as is defined by section 1 of the acts of this State of 1899, page 195, relating to fraternal beneficiary associations, and fails to show that it is such a beneficiary association as is relieved from the provisions of the insurance laws of this State; and hence the evidence does not show that the defendant is entitled to be relieved from the provisions of the insurance laws of this State providing for 12 per cent penalty and reasonable attorney's fees, and hence I hold defendant liable for both the said penalty and attorney's fees."

The facts found by the Court of Civil Appeals establish that the plaintiff in error is "a fraternal benefit society" incorporated under the laws of the State of Massachusetts; that its relief funds are created by assessments upon its members in accordance with its by-laws. It has subordinate lodges called chapters and it is shown by the findings that there was at Cameron a chapter, No. 265, when Mrs. Story became a member thereof, which necessarily proves that there were as many as two hundred and sixty-five lodges or chapters. Membership in the order was obtained by application to the subordinate chapter as shown by the application of Mrs. Story to the chapter at Cameron. The order issued to the member a benefit certificate. By-law 55 makes the amount paid depend upon the sum collected by assessments upon the members, and Mrs. Story paid assessments from 1881 to her death in 1901, from which facts no other conclusion could be reached except that the association depended upon its assessments for a fund with which to liquidate its certificates. From these facts the conclusion necessarily arises that it was not a company that issued stock, which act would be wholly inconsistent with the other facts found in this case. We therefore conclude that the plaintiff in error comes within the provision of article 3096, Revised Statutes, which reads as follows: "Nothing in this title shall be construed to affect or in any way apply to mutual relief associations organized and chartered under the general incorporation laws of Texas, or which are organized under the laws of any other State, which have no capital stock, and whose relief funds are created and sustained by assessments made upon the members of said association in accordance with their several by-laws and regulations; provided, that the principal officer of every such benevolent organization (not conducted by lodges a quorum of whose members meet in their respective lodge rooms at least once each month), shall be required to make an annual statement under oath to the department of agriculture, insurance, statistics and history on the first day of January of each year, or within sixty days thereafter. * * * And should any such benevolent organization refuse or neglect to make an annual report as above required, it shall be deemed an insurance company conducted for profit to its officers, and amenable to the laws governing such companies." The article has the effect to except the association from the operation of chapter 58 of the Revised Statutes relating to life and health insurance companies, which chapter

embraces article 3071 of the Revised Statutes, as follows: "In all cases where a loss occurs and the life or health insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, 12 per cent damages on the amount of such loss, together with all reasonable attorney's fees for the prosecution and collection of such loss."

The plaintiffs below recovered from the Supreme Council 12 per cent damages and attorney's fees because it had failed to pay the amount due to them, and the question is presented, is the association liable for the damages and the attorney's fees under article 3071? The 12 per cent damages and the attorney's fees are in the nature of penalties imposed upon the company for a failure to perform its contract. In order for the plaintiffs to recover the damages and attorney's fees it devolved upon them to show that the plaintiff in error was subject to the provisions of article 3071. Sabine & E. T. Ry. Co. v. Cruse, 83 Texas, 460. In that case Judge Stayton speaking for the court said: "One claiming a penalty given by the statute should show at least that the facts exist which entitled him to the penalty." The defendant association not being a life or health insurance company, was not within the terms of the law which imposes the penalty except by a failure to perform an act prescribed by the statute, and it was necessary for the plaintiffs to establish the failure to make the report to entitle them to the penalties. The trial court found that there is no evidence upon this question, therefore the plaintiffs below failed to establish a right to the 12 per cent damages and the attorney's fees.

The District Court erred in rendering judgment in favor of the plaintiff for the damages and the attorney's fees, and the Court of Civil Appeals erred in affirming that judgment. It is therefore ordered that the judgment of the District Court be reformed so as to expunge therefrom the 12 per cent damages and the attorney's fees. It is further ordered that James F. Story and William A. Story pay all costs of the Court of Civil Appeals and of this court.

*Reformed and rendered.*