GRAND LODGE F. & A. MASONS OF TEXAS v. MOORE.

(Court of Civil Appeals of Texas. Dallas. March 8, 1913.)

INSURANCE (§ 817*)—MUTUAL BENEFIT INSURANCE—ACTIONS—BURDEN OF PROOF.

Under Sayles' Ann. Civ. St. 1897, art. 3071, providing that where a life insurance company fails to pay a loss within the time specified in the policy, after demand, it shall be liable in addition to the amount thereof to pay 12 per cent. damages, together with all reasonable attorney's fees, and article 3096, providing that that title shall not apply to mutual relief associations, if the principal officer thereof makes an annual statement as therein required, but that, if it refuses or neglects to make the annual report, it shall be deemed an insurance company conducted for profit and amenable to the laws governing such companies, the burden was on the party suing on a benefit certificate, and claiming to be entitled to the penalty and attorney's fees, provided by article 3071, to show failure to make the annual report required by article 3096.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1999–2002; Dec. Dig. § 817.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by Sarah Moore against the Grand Lodge F. & A. Masons of Texas. Judgment for plaintiff, and defendant appeals. Modified.

J. J. Eckford and R. G. Watson, both of Dallas, for appellant. Allen & Allen, of Dallas, for appellee.

RAINEY, C. J. Sarah Moore brought this suit to recover on a benefit contract, by which appellant was to pay $350, provided her husband, Bannister Moore, at the time of his death, was a member in good standing in some subordinate lodge of appellant.

We conclude that the evidence shows that, at the time of his death, Bannister Moore was such a member in good standing, and that appellant is liable on said contract. We further conclude that the evidence shows appellant to be a mutual relief association, and that the burden was on appellee to show that appellant had not complied with article 3096, Sayles' R. S., which she did not do, to subject it to the penalties of 12 per cent. interest and attorney's fees, as provided in article 3071, R. S., and therefore the court erred in rendering judgment for said interest and attorney's fees. Legion of Honor v. Story, 97 Tex. 264, 78 S. W. 1.

It is therefore ordered that the judgment of the lower court be reformed so as to expunge therefrom said 12 per cent. interest and said attorney's fees. It is ordered that appellee be taxed with the costs of this appeal.

As reformed, the judgment is affirmed.