SOVEREIGN CAMP, W. O. W., v. DOWNER. (No. 745.)

(Court of Civil Appeals of Texas. Beaumont. April 8, 1922.)

1. Insurance ⬅️800 — Beneficial associations not subject to penalty for delay in payment.

Rev. St. 1911, art. 4746, as to penalty and attorney's fees for failure to pay a loss prompt-

ly, does not apply to a fraternal benefit society in view of Laws 1913, c. 113, § 4 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4830).

2. Insurance ⬅️815(4)—Party suing to collect statutory penalty must allege and prove defendant was subject to the statute.

An action by a beneficiary against a beneficial association, under Rev. St. 1911, art. 4746, to recover a percentage of the amount of the policy and attorney's fees, is in the nature of an action for a penalty, and plaintiff must allege and prove that the association was subject to the statute.

3. Penalties ⬅️32—Petition in action for a penalty is strictly construed.

In actions to recover penalties, the facts must be alleged with clearness and certainty, and the petition is subject to strict construction.

4. Insurance ⬅️815(1)—Pleading held insufficient to make a beneficial association subject to statutory penalties; "association"; "society."

In an action by beneficiary against an association under Rev. St. 1911, art. 4746, to recover attorney's fees and a penalty for delay in payment, in which a complaint, a statement of facts, defendant's answer, and a finding of facts, referred to defendant as a fraternal beneficiary association, and a special exception of defendant following a general denial alleged that it was duly incorporated as a beneficiary association, having a lodge system, a ritualistic form of work, a representative form of government without capital stock, and that it conducted its business without profit for the sole benefit of its members and their beneficiaries, according to the definition of "fraternal benefit societies" in Vernon's Sayles' Ann. Civ. St. 1914, art. 4827, which under Rev. St. 1911, art. 4830, are exempt from the penalty provided in article 4746, in view of "fraternal beneficiary associations" being exempted from such penalties under a former enactment of article 4830, the complaint was not sufficient to subject defendant to the penalties; for the words "association" and "society" are ordinarily regarded as synonymous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Association; Society.]

5. Trial ⬅️35 — Where parties agree that society was a benefit society, proof was not necessary.

In an action by a beneficiary against a fraternal benefit society under Rev. St. 1911, art. 4746, for a penalty for delay in paying a policy, where the parties in an agreed statement of facts stated that it was a fraternal benefit society, evidence to establish facts to constitute it such a society is unnecessary.

Appeal from District Court, Shelby County; C. L. Brachfield, Judge.

Action by Mrs. Ella Downer against Sovereign Camp of the Woodmen of the World. From judgment for plaintiff, defendant appeals. Judgment reformed and affirmed.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Russell & Seale and F. P. Marshall, of Nacogdoches, for appellant.

Sanders & Sanders, of Center, for appellee.

SONFIELD, Special Judge. Appellee recovered judgment against appellant for the amount due under the terms of a certificate or policy of insurance issued to James B. Downer, the son of appellee, since deceased, and, in addition thereto, the sums of $226.51 as damages and $300 as attorney's fees for failure to make payment within the time as provided by article 4746, R. S. 1911.

[1] The complaint presented here with reference to the judgment relates only to the award therein of damages and attorney's fees. Appellant asserts that it being alleged by appellee, agreed between the parties, and found by the court that appellant is a fraternal beneficiary association, it is exempt from the provisions of article 4746, and the allegations and proof were insufficient to support the conclusion of law of the trial court that it is liable for damages and attorney's fees.

Article 4746, R. S. 1911, as a part of chapter 2, tit. 71, being the Act of 1909, and pertains to "Life, Health, and Accident Insurance Companies." The article reads as follows:

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent. damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss."

Chapter 7 of title 71 deals with "fraternal benefit societies," being the Act of 1913, p. 220 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4827–4859), repealing the prior acts which constitute articles 4827–4861, R. S. 1911.

Section 4 of the Act of 1913, being article 4830, Ver. Sayles' Statutes 1914, provides as follows:

"Except as herein provided, such societies shall be governed by this act, and shall be exempt from all provisions of the insurance laws of this state, not only in governmental relations with the state, but for every other purpose, and no law hereafter enacted shall apply to them, unless they be expressly designated therein."

Article 4746 is therefore not applicable to fraternal benefit societies, and there is no provision in chapter 7 of title 71 for the recovery of damages or attorney's fees.

[2] The damages and attorney's fees provided for in article 4746 are in the nature of penalties. The right of action therefore is purely statutory. In order to a recovery, it was incumbent upon appellee to allege and prove that appellant was subject to the provisions of article 4746. Claiming penalties, appellee was required to show that the facts existed entitling her thereto. American Legion of Honor v. Story, 97 Tex. 264, 78 S. W. 1.

[3] In actions for the recovery of penalties, strictness of pleading and proof is required. The facts must be alleged with clearness and certainty, and not left to mere inference. The petition is subject to strict construction. Schloss v. Railway Co., 85 Tex. 601, 22 S. W. 1014; Hedgepeth v. Hamilton Warehouse Co., 104 Tex. 496, 140 S. W. 1084; Dorrance v. Railway Co., 53 Tex. Civ. App. 460, 126 S. W. 694; Redus v. Blucher (Tex. Civ. App.) 207 S. W. 613.

[4] Is it alleged and shown with that degree of certainty required in suits of this character that appellant is subject to the penalties imposed by article 4746? We think not.

In appellee's petition, it is alleged that—

Appellant, "Sovereign Camp, Woodmen of the World, is a fraternal beneficiary association, doing a life insurance business, incorporated under the laws of the state of Nebraska, with a permit to do business in the state of Texas."

The case was tried upon an agreed statement of facts, the only evidence adduced being in reference to what constituted a reasonable attorney's fee. The agreement contained the following:

"It is agreed and admitted that the Sovereign Camp, Woodmen of the World, defendant herein, is a fraternal beneficiary association incorporated under the laws of the state of Nebraska, with a permit to do business in the state of Texas."

This part of the agreement was embodied in the findings of fact by the court.

Omitting the statement that appellant "is a fraternal beneficiary association," the allegations in appellee's petition would probably be sufficient to bring appellant within the definition of a life insurance company under article 4724, and consequently subject to the provisions of article 4746.

But the petition must be construed in its entirety, and effect given to all its parts. The term "fraternal beneficiary association" was used as descriptive of the nature and character of appellant corporation. It was so used in appellee's petition, appellant's answer, the agreed statement of the facts, and the court's findings. Unquestionably, its use was intentional and for a purpose. Some meaning must be attached to it. It is apparent that it was intended by the term to differentiate appellant from the ordinary or regular life insurance companies dealt with in chapter 2 of title 71. Had appellee intended to allege, the parties to agree, and the court to find, that appellant was an ordinary

or regular life insurance company, the term would hardly have been used. It is not alleged or agreed, nor did the court find, that appellant claimed to be, or merely called itself, a fraternal beneficiary association, but that appellant was, in fact, such an association. In what sense did the parties use the term?

The sense in which it was used by appellant is clearly disclosed by the record. Appellant, in what it denominates a "special exception," but which follows the general denial, alleges that—

"This defendant is duly incorporated as a beneficiary association, having a lodge system, a ritualistic form of work, a representative form of government, without capital stock, and conducts its business without profit and for the sole benefit of its members and their beneficiaries."

This is a "fraternal benefit society," as defined in the Act of 1913, art. 4827, Ver. Sayles' Statutes 1914, which societies are governed by the Act of 1913, being chapter 7 of title 71, Ver. Sayles' Statutes 1914, and which are exempt from all other provisions of the insurance laws of the state under article 4830 hereinabove set out.

We think that it was in this same sense that the term was used by appellee in her petition, by the parties in the agreement as to the facts, and in the findings of fact by the court.

The Act of 1913, now chapter 7 of title 71, repealed the prior acts which constitute articles 4827–4861, R. S. 1911. These prior acts dealt with "fraternal beneficiary associations," and therein the associations were defined precisely as "fraternal benefit societies" are defined in the act of 1913. In other words, fraternal benefit societies, as defined in the act of 1913, were fraternal beneficiary associations under the prior acts, repealed by that act. Many fraternal beneficiary associations were operating in Texas at the date of the passage of the act of 1913, and were, by the terms of the act, made subject to its provisions. The names are quite similar. The words "association" and "society" are ordinarily regarded as synonymous. In various sections of the act of 1913, the words are used interchangeably. The emergency clause of the act recites:

"The fact that a large class of citizens of Texas carry life insurance policies in the numerous fraternal beneficiary societies."

The record discloses that the original certificate of insurance was issued to Downer on the 20th day of February, 1912, which was prior to the act of 1913 and at a time when fraternal benefit societies were designated in the statutes and known as fraternal beneficiary associations.

In view of the above facts, we are led to the conclusion that appellee's allegation that appellant is a fraternal beneficiary association should be construed as alleging that appellant is a fraternal benefit society. But, if this conclusion is not warranted, we have no hesitation in holding that the allegation in appellee's petition, and the facts evidenced by the agreement, lack that certainty and clearness essential in an action to recover penalties. There is ambiguity in the allegations, and an insufficient showing of fact that appellant is subject to the provisions of article 4746, and that appellee is entitled to recover the penalties denounced therein.

We do not understand from the brief of appellee, or on argument upon submission by counsel for appellee, that it is contended that the agreement was other than that appellant was a fraternal benefit society. Appellee asserts, however, that the agreement thus construed would not be sufficient to entitle appellant to exemption; that a life insurance company, to exempt itself from the provisions of article 4746, must allege and prove that it is a "corporation, society, order, or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, having a lodge system, with ritualistic form of work and representative form of government, and which shall make provision for the payment of its benefits in accordance with section 5 (article 4832) hereof," the above being a definition of a fraternal benefit society in article 4827; and that such company must further allege and prove that its lodge system and representative form of government conform to the definition of these terms in articles 4828 and 4829.

[5] A fraternal benefit society is exempt from the provisions of article 4746. The statute defines what constitutes such society. The parties agreeing that appellant was a fraternal benefit society, it is as though appellant had adduced evidence sufficient to establish the facts necessary to constitute it such a society.

In view of appellee's allegations, and the agreement as to the facts, it is unnecessary for us to determine the facts necessary to be alleged and proven to entitle a life insurance company, claiming to be a fraternal benefit society, to exemption from the provisions of article 4746.

We are of opinion that the district court erred in awarding damages and attorney's fees, and that the judgment of the district court should be here reformed to exclude therefrom the amounts awarded as damages and attorney's fees, and as so reformed the judgment of the trial court affirmed.