## INTERNATIONAL TRAVELERS' ASS'N v. BETTIS.

### No. 7671.

Court of Civil Appeals of Texas. Austin.

June 29, 1932.

Rehearing Denied July 13, 1932.

Seay, Seay, Malone & Lipscomb, of Dallas, and Wilkinson & Wilkinson, of Brownwood, for appellant.

Callaway & Callaway, of Brownwood, for appellee.

BAUGH, J.

This is the second appeal of this case. Our opinion on the former appeal appears in 3 S.W.(2d) 478; and that of the Commission of Appeals on writ granted in 35 S.W.(2d) 1040, 1041. A full statement of the facts is found in these reports to which we refer. Upon a retrial of the case, plaintiff, appellee here, amended his pleadings, and, in addition to the principal amount named in the policy, also sued for 12 per cent. penalty and a reasonable attorney's fee. The trial was to a jury, and upon their findings and the evidence the trial court rendered judgment for the amount of the policy, five years' interest, a 12 per cent. penalty, and $2,250 attorney's fees; hence this appeal. Other pertinent facts will be stated in the discussion of the issues raised.

■■ Appellant's first proposition denies the sufficiency of appellee's amended petition as against its special demurrer. Appellee alleged by amended petition the execution, delivery, and pertinent provisions of the policy insuring the deceased against death from accidental means, with provisions expressly including therein blood poisoning; that the deceased, while said policy was in force, "received an injury to his left hand through accidental means, while he was working on a wire fence"; which resulted directly in blood poisoning, causing his death. While these allegations are not as full as they should be, they are, we think, sufficient to apprise appellant of the nature and constituent facts of the injury upon which liability of appellant under the terms of the policy was predicated. Federal Life Ins. Co. v. Herring (Tex. Civ. App.) 269 S. W. 255. However, the error, if it be conceded to be error, affirmatively appears to have been harmless. This was the second, or perhaps the third, trial of this case. Appellant's representative had, shortly after the death of the insured, investigated the claim and had denied liability. The two reports of the case above referred to on former appeal show that appellant was fully cognizant of all the facts and circumstances surrounding the insured's injury and death, and could not have been injured by failure of appellee to plead them in detail. Consequently

no injury could have been done it, and we overrule the assignment.

The next issue, not presented on the former appeal, relates to the 12 per cent. penalty and attorney's fee. Appellant's defense to this issue was that it was a mutual assessment, nonprofit company, incorporated and operating under chapter 111 of the Acts of the 28th Legislature (1903), being chapter 6 of title 78, R. S. 1925 (article 4784 et seq.); was amenable only to the provisions of that act; and that, there being no provision therein subjecting it to the payment of any such penalty, it was not liable for same. The penalty statute, article 4736, R. S., is a part of chapter 3, title 78, R. S. (article 4716 et seq.), relating to life, health, and accident insurance generally.

■ Appellant introduced a certified copy of its charter which shows that it was incorporated, as alleged, under what is now chapter 6 of title 78. Article 4788 provides that companies organized and operating thereunder "shall be subject only to the provisions of this chapter." The policy sued upon appears to be in conformity with the provisions of said chapter 6. Articles 4793 and 4794 of said chapter clearly contemplate and authorize the creation of a reserve fund, and the raising of funds by such companies, in accordance with their by-laws, by other means than merely through assessments against members after a loss has occurred. The policy sued upon bears upon its face in red letters the provision of said article 4794, that "the payment of the benefit herein provided for is conditioned upon its being collected by this company from assessments *and other sources as provided in its by-laws.*" (Italics ours.) Neither the application for the policy sued upon nor any of the by-laws of said company were introduced in evidence. There is nothing in the policy itself fixing the amount of the dues or premiums to be paid by the insured thereunder. The policy does provide that the insurance was granted "in consideration of the application therefor and the payment, in advance, of all premiums due thereon." The evidence shows that deceased had, in response to notices sent, paid a quarterly premium of $17 in advance. If the by-laws of the company authorized and provided for the collection of such premium in advance from its members, and use of such collections in accordance with the provisions of said chapter 6 of title 78, the company would be operating under the provisions of said chapter, amenable only to the provisions thereof, and not subject to article 4736, imposing the penalties sought to be enforced. I. T. A. v. Votaw (Tex. Civ. App.) 197 S. W. 237; Pledger v. Bus. Men's Acc. Ass'n (Tex. Com. App.) 228 S. W. 110; Sov. Camp W. O. W. v. Downer (Tex. Civ. App.) 241 S. W. 228; Thetford v. Mod. Woodmen (Tex. Civ. App.) 273 S. W. 666, 671.

If, however, appellant had by charter amendment removed itself from the provisions of said chapter 6, and the policy sued upon was not issued under the provisions of said chapter, or under some other statute granting it immunity from the provisions of article 4736, the penalty statute would be applicable to it. This statute, however, being penal in nature, must be strictly construed. And, appellant having shown that it was incorporated under said chapter 6, exempting it from the terms of article 4736, the burden was upon appellee to show that it was subject to the provisions of the penalty statute. Nor would the mere fact that said company, while operating under the provisions of said chapter 6 of title 78, had written policies not authorized by the provisions of said chapter, subject it to the penalties prescribed in article 4736. This same chapter, which makes such company subject only to its provisions, in article 4798 prescribes the penalty for a violation thereof by forfeiture of its charter; not by making it subject to the penalties of other provisions of the statute. In neither event can the judgment of the trial court for penalty and attorney's fees be sustained under the proof shown by the record.

■ Appellant's next contention is that there was no evidence to show that insured's death was caused by accidental means. We do not sustain this contention. The same issue was presented on the former appeal, and we there discussed the difference between accidental death and death caused through accidental means. Blood poisoning contracted through the wound on deceased's finger caused his death. There is no contention but that the entrance into the wound of the septicemia germ was accidental. Obviously that was unexpected, unforeseen, and not intentional. As to the cause of the wound, or the means by which it was produced, the uncontroverted evidence showed that the insured and his son were repairing a barbed wire fence; that, while doing so, one of the wires broke and struck his finger, inflicting the wound thereon resulting in the blood poisoning which caused his death. It was immaterial whether the breaking of the wire was itself accidental; or whether Bettis intended to break the wire. The resultant injury to his finger, being unforeseen, unexpected, and not intentional, clearly resulted from "external, violent and accidental means," within the express language of the policy, in either event. It is unnecessary to discuss the many cases cited by appellant on this issue for the reason that the exact contention here presented was decided against appellant in a suit against it on a policy containing the same verbiage, in Francis v. I. T. A. (Tex. Civ. App.) 260 S. W. 938, opinion by Justice Looney; affirmed by the Supreme Court in 119 Tex. 1, 23 S.W.(2d) 282, opinion by Cureton, C.

J. In that case the blood poisoning entered through lacerations caused by the extraction of a tooth, an injury in that respect intentionally done. See, also, Bryant v. Continental Cas. Co., 107 Tex. 582, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A 517. We refer to these cases for a full discussion of the issue raised.

Propositions 4 and 5, though directed to the charge of the court, in reality present the same issue as does proposition 3. That is, that the jury was not properly instructed that the element of accident, or the "accidental means," must be found to have produced the physical injury to the finger of the deceased, and not in the mere fact that such injury occurred. The issue submitted to the jury was in the exact language of the policy itself; and the term "accidental means" properly defined by the court as meaning "something that was unforeseen, unexpected and not designed, purposed or intended by the parties." 1 Words and Phrases, Second Series, 32; 1 C. J. 425; 14 R. C. L. § 418, p. 1238. Under the conclusions announced by the Supreme Court in the Francis Case and the Bryant Case, supra, the distinction sought to be made by appellant in the respects urged becomes immaterial.

■■ The next question raised by appellant relates to the issue of whether deceased was totally and continuously disabled from the "date of the accident" to the time of his death. Though set up as a defense, this issue was not submitted to the jury nor requested by appellant to be submitted. The record of the former appeal discloses that it was submitted in that trial at the request of the appellant. No such request was made by it on this trial, and, so far as it constituted a defense to appellee's cause of action, it was consequently waived. Citizens' Nat'l Bank v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331 (writ ref.); Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and cases there cited. But appellant contends, in effect, that proof of such continuous disability was a necessary ground of recovery upon which a jury finding was essential to sustain a judgment. This contention is without merit. It will be presumed that the trial court found on that issue, since it was not submitted, in such manner as to sustain his judgment if the evidence authorized such finding and it did not constitute an independent ground of recovery. That it did not is, we think, obvious. The basis of appellee's suit is the contract. It contained numerous terms and conditions. Each of them constituted merely an element incidental to appellee's recovery. More than one condition prescribed in said policy had to be proven by appellee, in order to establish appellant's liability. Such, for instance, in this case, as accidental injury, resultant blood poisoning, death within the specified time,

and continuous disability after "date of accident." Proof of all of these facts was essential, but each of them constituted merely a subsidiary or incidental element in his cause of action or ground of recovery.

■ The evidence was ample to show that, after blood poisoning set in, the deceased was totally and continuously disabled to the time of his death. We expressed in our former opinion our conclusions as to what constituted the "date of the accident" within the terms of the policy. The Supreme Court did not reverse that holding in its opinion. We still adhere to that view. When the company provided in its policy that blood poisoning resulting as therein described should be deemed bodily injuries, it amounted to a substitution of the term "blood poisoning" for the term "bodily injuries," and made it one of the contingencies insured against, provided it resulted from some accidental physical injury. Consequently, in determining the time the contingency insured against arose, it must be done in relation to the contingency itself; that is, the inception of the disease. To hold otherwise, or to sustain appellant's contention, since blood poisoning develops in various periods from one to eight days after the germ enters the blood stream, would be to nullify or render meaningless this provision of the policy in practically all instances except those in which the accidental injury itself totally disabled the insured before the septicemia was contracted.

The next issues raised relate to argument of counsel. Since we find it necessary to reverse the case on the issue of attorney's fees, we pretermit any extended discussion of these issues here. That relating to permitting appellee's counsel to reopen the opening argument before the jury after appellant's counsel had waived argument need not recur upon another trial. Without setting out or discussing in detail the argument of appellee's counsel objected to as improper, we deem it not amiss to say, in view of another trial, that we think the argument complained of was improper, was not confined to nor authorized by the facts in evidence, and was calculated to prejudice the minds of the jury against appellant. That it did probably do so is, we think, indicated in their finding as to attorney's fees. Zeal of an attorney for his client, or even an outraged sense of justice, should never lead counsel into a presentation of his case to the jury in such manner as to prejudice their minds against the adverse party. Upon another trial, counsel should refrain from such argument as had subjected them to the complaints made in this appeal.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

Appellee in his motion for rehearing tenders a remittitur of the attorney's fees for which judgment was rendered; and as thus remitted prays that judgment of the trial court be affirmed.

■ The record discloses that this case has been tried three times. It has been before us twice on appeal. The physical facts surrounding the accidental injury, the inception of the septicemia, or blood poisoning, which led to the death of the insured, are substantially undisputed. The proof relied upon (the testimony of Herman Bettis) on the former appeal to establish the nature and cause of the injury was excluded. Substantially the same proof was made by another witness on the last trial. The insurance company has never offered any proof as to the injury involved and the consequential blood poisoning and death. Their contentions have been altogether with reference to matters of law as applied to the pleadings, the court's charge, and the proof made by appellee. Upon reconsideration of the case, we have concluded that, under the undisputed facts, deceased's injury falls within express terms of the policy, and that appellant company is liable under its policy as a matter of law. Under such circumstances and the remittitur filed, the improper argument of counsel and the other matters complained of necessarily become harmless error.

While the remittitur of appellee applies to the attorneys' fees only, if he is not entitled to those, it follows as a matter of law that he cannot recover the 12 per cent. penalty awarded. Appellee's motion is therefore granted, and the judgment of the trial court is reformed so as to authorize a recovery by appellee from appellant of $5,000, the principal sum of the policy, together with 6 per cent. interest thereon from January 1, 1926; but recovery of the statutory penalty and attorney's fees is set aside. As so reformed, the trial court's judgment is affirmed. The costs of appeal are taxed against appellee.

Reformed and affirmed.