## CONNECTICUT GENERAL LIFE INS. CO. v. TURNER.

### No. 2700.

Court of Civil Appeals of Texas. Beaumont.
May 16, 1935.

Orgain, Carroll & Bell, of Beaumont, for appellant.

David E. O'Fiel, of Beaumont, for appellee.

WALKER, Chief Justice.

On trial in the lower court, appellee, Robert E. Turner, was awarded judgment against appellant, Connecticut General Life Insurance Company, for the sum of $3,500 on the findings of the jury to the effect that he had suffered a total permanent disability within the provisions of a group policy, No. G–5039–R.

■ Appellee's original petition claimed compensation under the terms of group policies Nos. G–5039 and G–5545. Answering appellant's special plea of release against those two policies, appellee pleaded, by way of trial amendment, policy No. G–5039–R, and the issues of total disability found in appellee's favor related to this policy.

Without quoting the trial amendment, we sustain appellant's exceptions that it was subject to the general demurrer in the respects assigned by proposition No. 1: "The court erred to the prejudice of this defendant in overruling and refusing to sustain the defendant's general demurrer to the plaintiff's trial amendment wherein plaintiff attempted to set up a cause of action under what was called Policy. G–5039R, upon which policy plaintiff eventually recovered judgment, plaintiff having failed in such trial amendment or elsewhere in his pleadings to allege that he was insured at any time or in any amount under such policy, or to allege any facts showing that he was ever entitled to any insurance under such group policy, or to allege the nature and extent of his insurance, or any facts showing the happening of the contingency insured against while covered by such policy, or any demand for payment under the same, and having further in such trial amendment or elsewhere failed to · set forth in any manner any of the terms or provisions of Policy G5039R upon which he relied, and his pleadings by reason of such omissions being insufficient to state a cause of action on Policy G5039R, or to support the judgment based thereon."

■ Question No. 1 was as follows: "From a preponderance of the evidence find whether the plaintiff, by reason of injuries, sickness, disease or the infirmities of age, if any of same, has become so totally disabled as to render him unable to perform, substantially, or to a material extent any and every duty pertaining to his occupation."

Appellant excepted to this issue as improperly including "the infirmities of age," on the ground that this was an element of disability not covered by the conditions of the policy, which were to the effect that the total disability insured against must be caused by injuries, sickness, or disease. The following discussion, taken from Annotations, 24 A. L. R. 211, supports this assignment:

"In Dunkley v. Harrison (1887) 56 L. T. N. S. (Eng.) 660, 51 J. P. 788, under a rule of a friendly society providing that a member 'falling sick, lame, or blind, or being otherwise disabled from work, should be entitled to receive relief for and during sixteen weeks, if his illness continued so long' it was held that a member could not recover where his incapacity resulted from old age.

"In Kelly v. Ancient Order of Hibernians (1880) 9 Daly (N. Y.) 289, a provision in a constitution and by-laws allowing benefits 'in case of sickness,' and providing that 'when any member * * * takes sick' he shall be entitled to such benefits, 'if it be so that he is not able to attend to his daily labor,' was held not to include a case of a permanent injury which did not affect the general health of the person. The insured in this case was crippled in one leg, and was unable to perform severe manual labor, and in all probability would forever continue to be unable to perform the duties of a coachman, or severe manual labor, and this was held not to be 'sickness' within the meaning of the contract."

Certain defensive issues raised by the pleadings and evidence were not submitted, though called to the trial court's attention by proper exceptions to the charge.

On another trial the issues should conform to the charge suggested by the Commission of Appeals in Federal Surety Co. v. Smith, 41 S.W.(2d) 210.

The other assignments can easily be obviated on another trial. For the errors discussed, the judgment of the lower court is reversed, and the cause remanded for a new trial.