## CONNECTICUT GENERAL LIFE INS. CO. v. TURNER.

### No. 3218.

Court of Civil Appeals of Texas. Beaumont.

Nov. 9, 1938.

Rehearing Denied Jan. 11, 1939.

B. D. Orgain, John G. Tucker, and Orgain, Carroll & Bell, all of Beaumont, for appellant.

W. R. Blain and David E. O'Fiel, both of Beaumont, and B. C. Johnson, of Houston, for appellee.

COMBS, Justice.

Appellant, Robert E. Turner as plaintiff, filed this suit in the District Court of Jefferson County on July 20, 1932, seeking to recover total disability benefits under two policies of group insurance issued by appellant and covering the employees of the Gulf Oil Corporation, policies being numbered G-5039 and G-5545. This case has been tried twice. On the first trial it developed that the two policies above mentioned had been superseded on April 1, 1932, by a new group policy issued by the defendant, and numbered G5039-R. Plaintiff sought by trial amendment to plead said new policy. A judgment obtained by plaintiff on that trial was reversed by this court, because of the insufficiency of the pleadings, and the cause remanded. Connecticut General Life Ins. Co. v. Turner, Tex.Civ.App., 84 S.W. 2d 248. The present trial was had on plaintiff's fourth amended original petition wherein he plead all three policies, and alleged that he was an employee of the Gulf Oil Corporation along about the 4th day of May, 1932, when he was forced to, and did quit work because of total and permanent incapacity, the character of which he fully alleged. He pleaded further "that plaintiff is unable to say whether his total permanent incapacity began previous to the 31st day of March, 1932 (under the two policies first named) or between said date and the 24th day of May, 1932, but that by reason of the injuries to his left side, his hands, legs, knees and feet and the inguinal hernia and defective eye sight with which he was suffering, and because of the asthma, and because of the condition of his heart, he, during the time of his employment, and while insured under said policies G-5039 and G-5545 or under said policy G5039-R, became and is totally and permanently disabled under the provisions and terms of the said policy as hereinbefore set out; that the sickness and diseases which brought about and occasioned said total permanent disability were myocarditis, tachycardia, defective eye sight, partial paralysis of his fingers and hands, and enlarged heart, high blood pressure, Bright's disease, nephritis, asthma, swollen left knee and dizziness, all of which either separately or conjunctively brought about

the total permanent disability hereinbefore alleged." The evidence showed that plaintiff had been employed by the Gulf Oil Corporation for many years prior to May 4, 1932, when his employment ceased. The evidence raised the issue that plaintiff was totally and permanently disabled, it raised the issue that such total and permanent incapacity began in June, 1932, at a time when by the provision of the policies he was still covered, although his employment had terminated. The evidence also raised an issue that his total and permanent disability began prior to the month of June, 1932, and prior to March 31, 1932. The trial was to a jury and in response to special issues the jury found: That disability was total and permanent, that the total permanent disability did not commence in the month of June, 1932; that the total disability did not commence after June 30, 1932. No issue was requested or submitted inquiring when such total and permanent disability commenced other than the issue inquiring whether it commenced in June, 1932. However, the trial court entered judgment on the verdict in favor of the plaintiff, and this appeal is from that judgment.

### Opinion.

We overrule appellant's contention that its motion for instructed verdict should have been granted because of failure of the plaintiff to make due proof of loss within the time and in the form and manner required by the policies. The evidence shows that on July 9, 1932, only a short time after his employment with the company ceased, his attorneys wrote the defendant a letter which was received by the company on July 12, 1932, in which the attorneys advised the defendant that Turner, a former employee of the Gulf Oil Corporation, had employed them to collect the compensation due him for permanent disability occurring while he was in the employ of said corporation. The proof shows that suit seeking payment was filed July 20, 1932, and citation promptly served on the defendant. On August 18, 1932, appellant filed a formal answer. About 14 months later, on October 21, 1933, defendant filed its first amended answer in which it alleged that the plaintiff had "totally failed and omitted to make due proof of loss, that is, proof of loss within a reasonable time, and in fact he has never made any proof of loss," and it plead in that connection that all benefits under the policies were conditioned upon the filing of due proof of loss by the plaintiff. On October 27, 1933, defendant filed its second amended answer in which it renewed said allegations in substance. On January 13, 1934, the defendant filed an answer to a trial amendment of the plaintiff, wherein it alleged that proof of loss had not been made. Upon those pleadings the trial resulting in the judgment for plaintiff, which this court reversed on the former appeal, was had, Connecticut Gen. Life Ins. Co. v. Turner, 84 S.W.2d 248, 249. On that appeal the defendant urged an assignment based on the plaintiff's failure to furnish proof, which assignment was not discussed in the opinion of this court. After the reversal of the case on the former appeal, the plaintiff did, on February 4, 1936, prepare and send to the defendant the proof of loss, containing a statement of the nature of his disability, and a medical statement, and the defendant, immediately upon receipt of such proof, to-wit, on February 10, 1936, wrote the plaintiff's attorney a letter stating that the proof came too late and that the defendant by retaining it did not waive but instead reserved and insisted upon all of its defenses, including the defense that the proof of loss was not made within the time required by the policy. Upon the present trial, or shortly before, the defendant for the first time verified its plea wherein it alleged the failure to make due proof of loss.

We have thus stated rather fully the facts appearing of record upon which the appellant bases its contention that it did not waive the policy requirement for due proof of loss. It is our view that appellant did waive the requirement. That it was promptly notified of appellee's claim, and had full opportunity to fully investigate it, is not questioned. We think it clear also that it was in no way prejudiced by the plaintiff's failure to supply a "proof of loss" in the technical form and manner required by the policy. So far as disclosed by the record, it could have obtained, and doubtless did obtain from the Gulf Oil Corporation, and its medical agents, a full report of the case. If it desired additional information to that furnished by the plaintiff in the letter of his attorneys, it should have requested it. Its position here is a purely technical one without any equities to support it. The requirement for due proof of loss, in strict accordance with the contract, was one

which the appellant could waive, and under the facts here shown did waive. Any other holding would be unconscionable. See Equitable Life Assur. Society v. Ellis, 105 Tex., 526, 147 S.W. 1152, 152 S.W. 625.

On original submission we reversed and remanded this case on the ground that since the jury did not find when appellee's disability began the judgment was without sufficient support in the verdict. We have reached the conclusion that we were in error in that holding. We give the following additional facts as bearing upon this question. Policy No. G-5039 became effective November 1, 1918, and G-5545 became effective April 1, 1925. The two policies aggregated $4,000, and each contained a provision insuring appellant "irrespective of health or physical condition," and further provided that it was uncontestable after one year from date of issue except for non-payment of premium. Policy No. G5039-R became effective April 1, 1932, and shows upon its face that it was issued in lieu of the two prior policies, and it reduced the sum payable for permanent disability to $3,500, and it provided further that any employee who was insured under the previous policies on April 1, 1932, became insured on and as of that date without any provision for examination or requirement as to condition of health.

From the above facts it appears conclusively that it is immaterial whether the total disability of the appellee began during the time the first two policies were in force or whether it began while the last policy was in force, since the plaintiff recovered judgment for only $3,500. The evidence as a whole shows conclusively that if appellee's total disability began prior to June 1932, as the jury in effect found that it did, then it began at a time when he was covered either by the first two policies or by the last one. If his disability occurred under the first two policies he was entitled to $4,000, but appellant is in no position to complain that the trial court limited his recovery to the smaller sum of $3,500, to which the coverage was reduced by the last policy.

Furthermore, since the jury found the plaintiff totally and permanently disabled, and that his disability did not begin after the date when the policies ceased to be in force, which findings were abundantly supported by the evidence, then, if it can be said that a finding as to when it began was necessary, such finding was such subsidiary or incidental element of his action as the trial court was authorized to find in support of the judgment which he entered, such issue not having been requested or submitted. International Travelers' Ass'n v. Bettis, Tex.Civ.App., 52 S.W.2d 1059, Writ refused.

For the reasons above stated, our former judgment is set aside and the opinion reversing and remanding this case is withdrawn and the judgment of the trial court is in all things affirmed.