HOUSTON LIFE INSURANCE COMPANY V.
JOHN WILLIAM FRANKLIN DABBS.

No. 7166. Decided March 15, 1939.
(125 S. W., 2d Series, 1041.)

*A. D. Dyess, T. K. McElroy* and *Joel W. Cook,* all of Houston, for plaintiff in error.

Where plaintiff alleged in the petition upon which he went to trial that the defendant association had been, prior to the enactment of Article 4875a, operating and doing business as a local mutual aid association, and that after the enactment of said article, the said defendant was issued a certificate of authority by the Chairman of State Board of Insurance Commissioners of Texas to operate under the terms of said Act, the burden of proof was upon the plaintiff to establish facts showing that the local mutual aid association (defendant) had forfeited its rights to claim the benefits of said Act, and that said association had not accepted the provisions of such Act but was subject to the general insurance laws of the State. Slaughter v. Cooper, 121 S. W. 173; International Travelers Assn. v. Bettis, 52 S. W. (2d) 1059; Supreme Council A. L. H. v. Story 97 Texas 264, 78 S. W. 1; Dallas Storage & Warehouse Company v. Taylor, 124 Texas 315, 77 S. W. (2d) 1031.

*Henderson & Copeland,* of Houston, for defendant in error.

Even if it could legitimately be held that the mere fact that a certificate of authority as a mutual aid company had been

granted to defendant by the Board of Insurance Commissioners tended to raise the presumption in its favor as to the regularity and validity of its acts done purportedly in pursuance thereto, such presumption did not shift the burden of proof from defendant to plaintiff, but merely shifted to him the burden of proceeding with the evidence, and he, having introduced sufficient evidence to rebut such presumption, it entirely lost its probative force, and the burden still rested on the defendant association to affirmatively establish, that it came within the exceptions from the general insurance laws, and upon its failure so to do waived such grounds of defense. Grand Lodge of Order of Sons of Hermann v. Prater, 2 S. W. (2d) 500; Bankers Life & Loan Assn. v. Jayroe, 103 S. W. (2d) 388; American Insurance Company v. Wylie, 23 S. W. (2d) 491.

*William McCraw*, Attorney General, *Dick Stout* and *Richard Brooks*, Assistants Attorney General, filed brief as amicus curaie.

MR. JUDGE TAYLOR of the Commission of Appeals, delivered the opinion for the Court.

John William Franklin Dabbs in December, 1931, filed suit against Houston Life Insurance Company on a certificate of insurance issued by Houston Life Insurance Association, a local mutual aid association, praying for recovery of $1,000.00 plus 12 per cent statutory damages and an attorney's fee in the sum of $500.00. Plaintiff on findings of the jury was awarded judgment against defendant for a total of $1620.00 as prayed. The Court of Civil Appeals affirmed the judgment. 98 S. W. (2d) 484.

We are in agreement with the Court of Civil Appeals that there is evidence to support the trial court's judgment in the amount of $1,000.00. The only material question remaining is whether that part of the trial court's judgment awarding recovery for damages and attorney's fees under the provisions of Article 4736 R. C. S. 1925, as amended, is correct.

The holding of the Court of Civil Appeals sustaining the trial court's award of statutory damages and attorney's fees is based upon the view that the burden of proof rested upon defendant to prove three facts, namely, (1) that defendant "was a local mutual aid association existing pursuant to Article 4875a-1 et seq. (Chap. 274, Act of 1929, 41st Leg., now Chap. 9A, 1938 Cumulative Pocket Part, Vol. 14, Vernon's Anno. St.) ; (2) that it had accepted the benefits of and had qualified to

do business under that statute; and (3) * * * was actually operating its business as such an association," and that having failed to prove the three facts designated; was "governed by the same statutes applied to other life insurance companies generally, * * *"; and was therefore liable for the statutory damages and attorney's fees awarded against it.

We are not in accord with the view stated. Praetorians v. Thompson, 79 S. W. (2d) 886, in which application for writ of error was dismissed, cited by the Court of Civil Appeals in support of its holding, has no application. It is specifically stated in the opinion in the cited case that the Praetorians did not plead or prove it was a fraternal benefit society. In the present case not only defendant pleaded its organization and the issuance of the certificate sued upon, as a local mutual aid association, and that subsequently it was chartered under the authority of Article 4875a and its operation under the authority of that article as a local mutual aid association, but plaintiff also pleaded in substance the same facts.

Plaintiff alleges that "heretofore, to wit, on or about the 10th day of May, 1928, (the date of the issuance of the certificate) and prior thereto, the Houston Life Insurance Association, *a local mutual aid association,* * * * was doing business in the City of Houston as a *local mutual aid association* * * * in accordance with the mutual assessment plan, but that about the month of December, 1929, said Houston Life Insurance Association ceased doing business as an unincorported local mutual aid association and *became an incorporated life insurance company,* and the officers of said association organized a corporation, purportedly, under the terms and provisions of the *Act of 1929, 41st Leg., p. 563, Ch. 274, Article 4875a of the Revised Civil Statutes,* for the purpose of writing life and accident insurance in * * * (Harris County and thirty-one other counties), *all as more fully shown by certificate No. 01083, dated March 23d, 1931, issued by the Commissioner of Insurance to said defendant, which is here now referred to as if fully incorporated herein.*" (Italics ours.) The material part of the certificate, which is signed by W. A. Tarver, chairman of the Board of Insurance Commissioners under the seal of the board, dated December 17, 1929, and incorporated by reference as a part of plaintiff's amended petition, reads: "This is to certify that Houston Life Insurance Company, Houston, Texas, having complied with all requirements of law relating thereto *is hereby authorized to pursue the business of a local mutual aid association* within the following territory in the State of Texas,

\* \* \* the counties of (here follows list of counties) for the year ending March 1, 1930." (Italics ours.)

The foregoing pleadings of the parties establish so far as the present record is concerned the facts embraced in subdivisions (1) and (2) set out above. Defendant is entitled under the pleadings as above summarized and quoted to have it taken as true that the association at the time of the issuance of the certificate was a local mutual aid association and that subsequently it became an incorporated company under the provisions of the 1929 act and that it qualified to do business under the terms of the act. Lafield et al v. Maryland Cas. Co., 119 Texas 466, 33 S. W. (2d) 187; Hake v. Dilworth, 96 S. W. (2d) 123; Dallas Ry. & Ter. Co. v. Redman, 88 S. W. (2d) 136.

It appears from the record also that defendant, in addition to placing in evidence the certificate above referred to showing its authority to operate as a local mutual aid association for the year ending March 1, 1930, introduced similar certificates showing its authority as Houston Life Insurance Company to operate as such association for the years ending March 1, 1931 and March 1, 1932; also other certificates of the board certifying the company's authority to pursue the business of a local mutual aid association in the counties therein named for the years ending February 28, 1933 and 1934, respectively. It appears also that the preamble and article eight of defendant's charter are in evidence. The preamble discloses substantially that the subscribers thereto incorporated themselves into voluntary association under the provisions of Article 4875a. Article eight discloses that the company "shall operate and do business without capital stock" and that its properties "consist solely of the office fixtures and furnishings of the company, which are of the probable and estimated value of $500.00." A semi-annual premium notice put in evidence by plaintiff, carrying date line "Houston, Texas, June 1st, 1931" and marked paid, immaterial parts deleted, reads:

"In account with Houston Life Insurance Co., a Texas Corporation, (25c per month, six months in advance, period June 1st., 1931, to December 1st., 1931. Has nothing whatever to do with assessments developing under policy.)

"NOTE: Your application for insurance and your policy both contain this clause: 'I hereby apply for membership in Houston Life Insurance Association (*now company*), and agree to pay semi-annual dues of not to exceed $1.50 on or before the First day of June and the First day of December of each year.' (Italics ours.)

"* * *

"In compliance with *Sections 9 and 17, Chapter 274, Acts of the 41st Legislature of Texas and the by-laws of this Company,* all funds received from this premium will go to expense fund. * * *." (Italics ours.)

Assessment notice marked paid July 3, 1930, placed in evidence by plaintiff also, states that "all funds received from these *assessments* will be distributed to mortuary fund" in compliance with Section 9 and 17 of the 1929 Act. (Italics ours.) Defendant's vice-president testified that the company operated on the assessment plan, that it had no capital or capital surplus and had accumulated none; and that its only capital was its same office furniture.

The 1929 Act under which defendant appears to have been chartered includes by specific provision all societies and associations of any sort operating an insurance business where funds are provided by assessments, except those specifically exempted. Art. 4875a, Sec. 1. Labor unions, fraternal benefit societies, and all societies or associations theretofore operating statewide on an assessment basis, are specifically exempted. Sec. 29. By the terms of Section 30 associations coming within the purview of the Act are exempted from provisions of the fraternal society Act (Chap. 8 of Title 78 R. C. S. 1925), and also from the provisions of Chapter 3 of the same title relating to life, health and accident insurance. The provisions of the sections of the Act referred to make clear what types of associations, and what types only, are within its purview. Section 24 carries the additional provision that, except as provided by the Act itself, such associations "shall be governed by this law." It is provided also by the same section that such associations not only "shall be exempted from all provisions of the insurance laws of the State," but also that "no law hereafter enacted shall apply to them unless they be expressly designated therein." Sec. 24.

■ The Act contains no provision imposing liability for an attorney's fee as a penalty for failure to comply with its terms. Nor does it provide for the assessment of damages in event of such failure, or for violation of any of its terms. The same reasons assigned in Logan v. Texas Mutual Life Insurance Association (Com. App.), 121 Texas 603, 51 S. W. (2d) 288 (motion overruled 121 Texas 603, 53 S. W. (2d) 299) to show the inapplicability of Article 4736 to nonprofit mutual relief associations organized without capital stock, are pertinent here in addition to the reasons apparent in the provisions of the

Act above pointed out. Clearly the penal statutes relating to insurance organizations other than local mutual aid associations, are without application. See also International Travelers' Association v. Bettie (wr. ref.) 52 S. W. (2d) 1059. We fail to find in any of the acts of which such penal statutes are a part any provision designating mutual aid associations governed by the Act of 1929 as within their purview.

■ Plaintiff contends that defendant violated the provisions of the Act by holding itself out as a "Texas corporation," by acting beyond its authority and otherwise violating the law. In urging this contention plaintiff states among other things that "the minute" defendant "violated the provisions of Article 4875a and ceased to do business *strictly* as a local mutual aid association in *strict* conformity with the provisions of Article 4875a, it no longer came within the purview of the local mutual aid statute * * *."

The contention cannot be sustained. We find no evidence that defendant, after it became a body corporate under the provisions of the Act, changed its corporate functions in any particular. It was organized as a local mutual aid association, issued the certificate sued upon as such association, was thereafter chartered as an association under the terms of the Act and become a body corporate within its purview. Furthermore, the law is well established that if a corporation organized for one purpose engages in a business foreign to its charter powers, it does not thereby render invalid its previous incorporation; and that at most its ultra vires conduct may furnish grounds for forfeiture of its charter at the suit of the State. It is in recognition of this principle that Staacke v. Routledge, 111 Texas 489, 241 S. W. 994, states it to be the general rule "that the question of whether or not a corporation has acted in excess of its lawful powers can only be raised by one interested in the corporation, or in a direct proceeding brought by the State, either to forfeit the charter or to subject it to punishment for the unlawful act." In recognition of the same rule it is stated in the opinion on rehearing in Logan v. Texas Mutual Life Insurance Company, supra, that if the company "violates its charter by making a profit for its president and general manager, the State would ordinarily be the only party concerned," and that "certainly the appellant would have no interest in the matter."

■ A part of plaintiff's contention in connection with the matter under discussion is that defendant, by acting beyond its powers and by failing to comply with the provisions of the 1929 Act,

thereby not only subjected itself to proceedings for forfeiture of its charter, but also automatically fell under the terms of Article 4860a (Vernon's Anno. Pocket Part, 1938, p. 129) * * *."

The article cited is part of an act passed by the 41st Legislature at its first called session. It does not designate local mutual aid assessment companies as within its purview. On the other hand Section 6 of the Act (4860a) authorizes companies organized under its terms to write any kind of insurance that can lawfully be written in this State, "except life insurance." Section 19 (4860a) provides that "no sort of mutual insurance * * * may be conducted in this State except under the provisions of this law, *or under some law remaining on the statutes authorizing the same.*" The 1929 Act has not been repealed, and remains as the law governing associations chartered under its provisions.

Attorney General McCraw by amicus curiae brief filed herein on his own motion on behalf of the State sets out among other things that defendant violated its governing statute *"in the sense that it had gone outside of its power, and fallen below the requirements thereof."* (Italics ours.) It is further stated that "the mutual assessment company laws are notoriously lax in respect to providing adequate penalties against a company which conducts its business "in a fraudulent, illegal or dishonest manner or falls below the requirements of the law; or exceeds its powers; or fails *generally* to comply with its governing statute"; also that "public interest demands that mutual assessment companies act in strict compliance with the governing law," and that "it is sound public policy in respect to mutual assessment companies * * * to impose heavy penalties in the event of violating the law." It is the view of the amicus curiae that the Court may take judicial knowledge of a fact stated to be "well known in insurance circles," that "the plan of operation of insurance companies organized as is plaintiff in error is one whereunder the management of the business is let to an independent contractor who undertakes the entire management of the business in consideration of an agreement by the policy holders to pay to the contractor 40 per cent of the gross premiums or assessments received by the company." The prayer of the brief is that the proposition be upheld that defendant "is subject to the penalty provisions of Article 4736 * * * for the reason that it has violated the letter and spirit of the special statute under which it was organized, namely (the 1929 Act) Article 4875a' (Sections 1 to 31) of the revised civil statutes."

The foregoing contentions obviously cannot be sustained. Section 27 of the 1929 Act provides that the attorney general is authorized upon request of the board of insurance commissioners to file suit against any association within the purview of the Act for the purpose of winding up its affairs if, among other reasons, it has fallen "below the requirements" of the Act, or is conducting its business "in a fraudulent, illegal or dishonest manner," or for violating "any of the terms" of the Act. Forfeiture of charter and other penalties are provided by other sections of the Act for failure to comple with its provisions, or for their violations. Secs. 3, 26 and 28. It is also provided by Section 11 of Article 4682 R. C. S. 1925, that the commissioner of insurance, in addition to other duties required of him "shall suspend the entire business of any company of this State, and the business within this State of any other company, *during its noncompliance with any provision of the laws relative to insurance, or when its business is being fraudulently conducted by suspending or revoking the certificate granted by him.*" (Italics ours) ; and Section 12 of the same article makes it the duty of the commissioner to "report promptly and in detail to the attorney general any violation of law relative to insurance companies or the business of insurance."

■ This however is not a suit by the attorney general filed at the request of the board of insurance commissioners. The only purpose of the present action is to enforce payment of the certificate sued upon. The controversy is solely between plaintiff and defendant. The State is in no sense a party and no question of the State's public policy, with respect to mutual assessment companies or with respect to the inadequacy of the insurance laws to enable the attorney general and insurance commissioner to cope with such companies, is involved. The sole question presented calls for determination by a judicial agency of the State and that agency alone. The fact as to whether defendant's business is carried on by means of a contract between the policy holder and an independent contractor, if pertinent, is not one that could be utilized through judicial cognizance, but would have to be established by proof. Suffice it to say that the record before us discloses no such mode of operation by defendant. Amicus curiae cites in support of the reason advanced for sustaining the proposition that defendant is subject to the penalty provisions of Article 4736, in addition to Praetorians v. Thompson, supra, the case of Supreme Council American Legion of Honor v. Story et al., 97 Texas 264, 78 S. W. 1.

In the case last cited this Court had before it a case involv-

ing an organization shown to be a fraternal benefit organization and a statute (Art. 3096, R. C. S. 1895) excepting such organizations from its operation *if it should fail or refuse to make the required* annual report. The statute specifically provided that *in event of such failure or refusal* "it (any such organization) shall be deemed an insurance company conducted for profit to its officers, *and amenable to the laws governing such companies.*" In disposing of the case the Court said:

"The defendant association, not being a life or health insurance company, was not within the terms of the law which imposes the penalty, *except by a failure to perform an act prescribed by the statute;* and it was necessary for the plaintiffs to establish the failure to make the report, to entitle them to the penalties." (Italics ours.)

The 1929 Act, as has been shown, has no provision imposing liability for attorney's fees and damages as a penalty for failure to comply with its terms. Nor does it have any provision making companies organized under its terms amenable to the law governing any other type of company for failure to comply with the provisions of the Act, or for violating its terms.

The trial court erred in rendering judgment in favor of plaintiff for damages and attorney's fees, and the Court of Civil Appeals erred in affirming that judgment. It is therefore ordered that the trial court judgment and that of the Court of Civil Appeals be reformed so as to expunge therefrom the 12 per cent damages and the attorney's fees. The judgment as reformed is affirmed.

Opinion adopted by the Supreme Court March 15, 1939.