## TEXAS STANDARD LIFE INS. CO. et al. v. CASSTEVENS.

### No. 10845.

Court of Civil Appeals of Texas. Galveston.

July 13, 1939.

Rehearing Denied Sept. 28, 1939.

A. D. Dyess, of Houston, and G. R. Lipscomb, of Fort Worth, for appellant.

Vinson, Elkins, Weems & Francis and Fred Switzer, all of Houston, and Marvin Roberson, of Fort Worth, for appellee.

GRAVES, Justice.

This litigation was here once before; it then came under the style of Driscoll v. Casstevens, upon original applications for writs of prohibition, growing out of rival claims as to which of two district courts had jurisdiction over the controversy; this court's opinion, based on a holding that the district court of Harris County had jurisdiction, is reported in Tex.Civ.App., 110 S.W.2d 958.

Its present appearance, under the style given it supra, is through an appeal by the

Insurance Companies from a $2,875 judgment—$2,500 principal, $375 interest—in favor of appellee against appellant Texas Standard Life Insurance Company, upon its $5,000 certificate of membership No. 15,578, issued November 1, 1933, in appellee's favor, on the life of her deceased husband, entered pursuant to a jury trial, the issues of fact and verdict in which were these:

"No. 1: Do you find from a preponderance of the evidence that during the year 1935, the plaintiff maintained a class or group of membership styled 'S.R.'?" To which the jury answered: "Yes".

"No. 2: Do you find from a preponderance of the evidence that W. H. Casstevens, at the time of his death, was being carried by the plaintiff under class or group 'S.R.'?" To which the jury answered: "Yes".

"No. 3. Do you find from a preponderance of the evidence that the condition of the blood-pressure of W. H. Casstevens on November 1, 1933, materially increased the risk assumed by the Texas Standard Life Insurance Association in the policy issued of that date?" To which the jury answered: "No".

"No. 4. Do you find from a preponderance of the evidence that W. H. Casstevens made the statement in the application dated October 31, 1933, to the effect that he had not had and had not been told that he had high blood-pressure, with the intent to deceive the Texas Standard Life Insurance Association?" To which the jury answered: "No."

"No. 5. Do you find from a preponderance of the evidence that W. H. Casstevens was not in good health on November 1, 1933?"

"The term 'good health' as used hereinabove does not mean perfect health; it does not mean absolute perfection, but good health in the construction of life insurance policies means a state of health free from any disease or ailment that affects the general soundness and healthfulness of the system seriously. That is, it means that the insured be not afflicted with a disease or bodily infirmity of a substantial nature, which affects the insured's general health, or which materially increases the risk to be assumed by the insurer." To which the jury answered: "He was in good health."

The appellants inveigh in this court against such adverse determination below at great length and upon many contentions, the major ones of which, however, are these two: (1) the certificate sued upon was void ab initio, because the insured, W. H. Casstevens, appellee's deceased husband, untruly warranted in his application for the membership certificate that he was then in good health, and that he had never suffered from, nor been told that he had, either heart-disease or high blood-pressure; (2) the insured having died within one year from two reinstatements of the certificate, or policy, after it had lapsed, and the policy having been subject to the provisions of "Group A" therein, instead of "Group S. R.", as found by the jury, the beneficiary in no event, even if the policy had been validly outstanding at all, was entitled to receive more than $225.34.

The appellee, upon the other hand, in answer, defends the judgment so rendered in her favor, and asserts it should be affirmed upon these, among other, considerations:

"First, because of the decision of Bankers Life & Loan Ass'n v. Jayroe, Tex.Com. App., 127 S.W.2d 291, the appellant under the facts of this case must be exempted from the General Insurance Statutes.

"Second, because of the provisions in the policy providing that misstatements must materially increase the risk, any misstatements in the application cannot be treated as warranties.

"Third, the amendment to the By-laws dated December 9, 1929, is invalid because not adopted by a majority of the members or approved by the Board of Insurance Commissioners.

"Fourth, the amendment to the By-laws of March 17, 1930, is invalid because not ratified by the Board of Directors nor approved by the Board of Insurance Commissioners.

"Fifth, the By-laws effective November 1, 1933, provided misstatements in the application must be made with intent to defraud and would control the provisions in the application.

"Sixth, the provisions in the policy that it would be void if the misstatement materially increased the risk, would control provisions in the by-laws dealing with that subject, which were less favorable to the insured than the provisions in the policy.

"Seventh, because there was no provision of the By-laws or action of the Board of Directors placing Mr. Casstevens'

policy in any group, club or class, the appellant had no right to limit its liability on account or his death to ·what one assessment on the membership of any particular group, club or class would produce.

"Eighth, the jury under the evidence was justified in finding that Mr. Casstevens was carried in Class or Group 'S. R.'

"Ninth, the policy never terminated and no reinstatement was necessary because there was no evidence that the ten days' notice, required by the policy in order to terminate the policy, was ever given, either as applied to the July or August, 1934, assessments.

"Tenth, the jury under the evidence was justified in finding that Mr. Casstevens was in good health at the time he made the application."

Appellants' position on the controlling features of the whole cause is less voluminously set forth in this summation from their brief:

"It has been so frequently held by our various courts that the general laws of this state relating to old-line reserve life insurance companies have no application to local mutual aid associations and state-wide life insurance companies writing life insurance upon a mutual plan, but that such of said two classes of insurance are respectively covered by separate statutory laws of the State of Texas, that additional authorities in support thereof should be wholly unnecessary. Such was the opinion of the Supreme Court in Houston Life Insurance Company v. John William Franklin · Dabbs, 125 S.W.2d 1041. The provisions of the general insurance laws with respect to penalties, interest, and attorney's fees were, in the Dabbs case, held to have no application to an insurance policy such as that sued upon in this case. It was further there held that an insurance company could not change the nature of its business from that set forth in its charter and permit to do business by assuming to do business of a character which, under the law, only a general reserve life insurance company could do, or which only an accident company could write. Is there any reason why our appellate courts should not hold the same to be true with respect to the statutory law relating to policies issued upon applications by general reserve old line life insurance companies, when such law is applied to applications for, and policies of insurance issued by, a local mutual aid association which is taken over and operated by a state-wide mutual life insurance company? Certainly in the case of Modern Order of Praetorians v. Davidson, heretofore cited, Tex.Civ.App., 203 S.W. 379, it is shown that our courts will not apply the statutory law applicable to general old line legal reserve life insurance companies to a fraternal benefit association, nor to an application for insurance and an insurance policy issued by a fraternal benefit society (Articles 5043 and 5045). Is there any more reason to apply the general insurance laws of the State of Texas to a local mutual aid association policy and application for policy than there is to apply said Articles 5043 and 5045 of the general insurance law to an application for a policy in, and to a policy issued by, a fraternal benefit association? We can see none. Furthermore, our courts have repeatedly declared the law to be the same as declared at common law with respect to false statements contained in applications for insurance, unless the Legislature, by express statute applicable to that particular application and policy of insurance issued thereon, has declared the law to be other than same exists at common law. In other ·words, at common law, the policy of insurance issued to Casstevens is utterly void, because of the misrepresentations contained in his application therefor and the breach of his warranty that same were true. There is no statutory law in Texas having application to such an application that in any wise changes the rules of common law.

"It is wholly immaterial whether said representations were made by Casstevens unintentionally and without purpose to deceive, or were intentionally made for the purpose of defrauding the insurance company issuing such policy and the insurance company assuming the obligation of the issuer of such policy; under the undisputed evidence in this case the insured was suffering from heart-disease and high blood-pressure, (1) at the time he made said application for insurance, (2) at the time said application was received, approved, and the policy of insurance issued, (3) at the time he made application for the first reinstatement of said policy after lapse, and (4) at the time he made the second application for reinstatement of said policy after a second lapse; and the insured died within less than one year from the date of each of such

reinstatements, of heart-disease. It was further indisputably shown that whether or not the insured was suffering from, or had ever suffered from, or had ever been told that he was suffering from, heart-disease and high blood-pressure, was most material to the insurer and to every other company issuing life insurance policies; Articles 5043 and 5045 relate to insurance companies issuing different forms of insurance from a local mutual aid insurance association, or from the appellant herein, and said articles have no application to the application for insurance made by Casstevens, or the policy of insurance issued upon such application; therefore the only judgment the trial court could rightfully have entered in this cause was a judgment in favor of the plaintiff, cancelling such policy of insurance and denying the defendant and cross-plaintiff any recovery whatsoever upon her cross-action. We are so certain of the correctness of our position, as above stated, that we hesitate to call the court's attention, in conclusion, further, to the provision of said policy limiting the liability of the insurer to one-fourth the amount otherwise recoverable of it, should the insured die within one year from the issuance of said policy of insurance, or from any reinstatement thereof, after lapse.

"We pray that the judgment of the trial court be reversed and rendered, and in the alternative that it be reformed so that the amount awarded the appellee shall be the sum of $225.34."

Of course, in so far as appellants undertake to thus stand upon questions of fact contrary to the jury's findings, they must show undisputed, conclusive, or such overwhelming preponderance of support therefor as nullifies the verdict the other way; their assignments, however, do not present any such contention against the weight of the evidence, but only that there was in law no evidence supporting any of the findings returned.

An examination of the statement of facts makes plain the unsoundness of this presentment; this court finds, on the contrary, that there was enough evidence to at least raise an issue of fact over each of the inquiries submitted to the jury, if, indeed, not also enough to support the quoted findings thereof; so that the question of the sufficiency of that evidence to sustain the findings not having been raised, the verdict as a whole must be upheld, in so far as material to the controversy; that is, it must be so accepted as true here that during 1935 appellants maintained a group membership, styled "S. R.", that appellee's husband was being carried in such group when he died, that the condition of his blood-pressure at the date of the policy, on November 1 of 1933, did not materially increase the risk of appellant in then issuing it, that he did not make the statement in the application for the policy on October 31, 1933, that "he had not had and had not been told that he had high blood-pressure, with the intent to deceive the appellant", and that he was in good health at the date of the issuance of the policy on November 1 of 1933.

As indicated supra, the appeal from judgment for $2,875 was one maturing in part the stipulated principle and interest only on the policy, and not for any statutory penalty or attorneys' fees, as was that in Houston Life Ins. Co. v. Dabbs, Tex.Civ. App., 95 S.W.2d 484, and, Tex.Sup., 125 S.W.2d 1041, upon which appellants largely rely on this appeal; in that cause the Supreme Court upheld this court's affirmance of the judgment for the $1,000 of principal on the policy there involved, and only reversed and rendered the cause as affected the further $620 that had been therein awarded for statutory penalties and attorneys' fees as being recoverable under R.S. Art. 4736, Vernon's Ann.Civ. St. art. 4736.

That holding by the Supreme Court necessarily affirmed the holdings of this court both upon the law and the evidence underlying Dabbs' recovery on the principal of his policy; in doing so, the Supreme Court held that R.S. Art. 4736 had no application to such local mutual aid insurers that have been taken over and operated by a state-wide mutual life insurance company, as the Houston Life in that case and appellant here—that is, those existing and doing business under Vernon's Ann.Civ.St. art. 4859f and similar statutes, such as Vernon's Ann.Civ.St. art. 4875a—31.

In other words, this court interprets the rule so laid down by the Supreme Court in the Dabbs case to be applicable to the appellants here, like it was to the appellant there, however those two causes may have differed in other and immaterial characteristics.

The conclusion just stated perforce overrules the appellee's claim that the Supreme Court's decision in Bankers Life

& Loan Ass'n v. Jayroe, Tex.Com.App., 127 S.W.2d 291, rules this cause in her favor; that holding is inapplicable to the facts here, because this appellant did both fully allege and adduce proof to show that in this instance it was duly organized, incorporated, and doing · business pursuant to Vernon's Ann.Civ.St. art. 4859f, and nowhere did the appellee specifically deny under oath those averments; wherefore, that defense was completely untenable here, not only under the Jayroe holding itself, but under Panama Refining Co. v. Crouch, Tex.Sup., 124 S.W.2d 988, and the Dabbs case, Tex.Sup., 125 S.W.2d 1041, column 2, (1), as well.

From the implications of the verdict it would also follow that appellant's alternative contention for a reduction, in any event, of any recovery against it to 'the sum of $225.34, based alone upon its claim that the policy was referable to its "Group A", instead of "S.R.", as found by the jury, cannot be sustained; this for the simple reason that the jury had—on sufficient evidence—found the determining fact on that feature adversely to it.

The issues then come down to the single one of whether the certificate was void, because initially based upon untrue warranties, as declared upon supra.

The cause was tried before delivery of the Supreme Court's opinion in the Dabbs case, and, as is apparent, upon the theory that Casstevens' quoted representation in issue No. 4 was not material, unless it had been made with intent to deceive the Association; moreover, the judgment as entered was based upon the verdict alone, the court independently making no other findings of its own from the evidence, except one to the effect that the appellant was a mutual assessment life insurance company, duly incorporated under Vernon's Ann.Civ.St. art. 4859f, and was qualified to write mutual assessment life insurance on state-wide business within Texas by virtue of such qualification.

So much for the verdict and judgment, as well as the implications inherent therein; but, as appellant further correctly urges, the conclusive evidence—outside the issues given the jury—shows, among others, these relevant facts: Mr. Casstevens did in his written application for this policy—as so expressly assumed by the court in special issue No. 4—specifically represent that "he had not had and had not been told that he had high-blood-pressure"—further,

that "he was then in good health, both mentally and physically, had never had nor been told that he had heart-disease or rheumatism"; such application then recited these reiterated warranties in the same connection:

"I hereby make application to the Texas Standard Life Insurance Company, and I warrant and declare that I am now in good health and further agree that the falsity of any statement made herein shall bar the right to recover. I agree and bind myself and all others entitled to benefits under this policy to abide by and be governed by the Constitution and By-laws of the company now in force, or that may hereinafter be enacted. * * * I hereby warrant and declare that the answers to the above questions named are true and correct."

Each and all of these quoted statements were undisputedly shown to be untrue in fact, with the single qualification implied in the jury's finding under issue No. 5, which simply meant that he did not have such substantial infirmity or disease as in its opinion increased the risk assumed by the insurer—not that he did not then have high blood-pressure, heart-disease, or rheumatism, at all.

It is not deemed necessary to here set out the evidence, nor even make a resume thereof, but it is sufficient to recite the uncontroverted facts that, in addition to the quoted one from the application, the sued upon policy itself, as well as the by-laws by which Mr. Casstevens was bound as a member of the Association, all in like purport in unmistakable terms provided that the falsity of any such representation would bar the right to recover under the contract of insurance; wherefore, the application and the by-laws were so specifically made parts of the contract as a whole, and the warranties therein contained were further declared to be "the only statements on which this contract is made"; in this connection, it is true, the policy itself contains this particular recitation on this subject:

"If any untrue statement has been made in the application as to age, health, family-history, or occupation, of the insured, or *any other fact which would materially increase the risk assumed,* or if any fact has been withheld which would materially increase the risk assumed; or if the insured shall not be in good health, or if the insured·shall be under the treat-

ment of any person for any ailment whatsoever at the time of the delivery of this policy, then said policy shall be null and void and the company shall be liable only for the repayment of any amounts paid by the insured." (The italics are added here)

But as applied to a mutual aid insurer, like appellant was so shown to be, this italicized phrase cannot be given the effect of making none of these warranties material, unless they were further shown to have in fact increased the risk assumed by the insurer upon the face thereof.

This for the reason that the law, as presaged supra, is all the other way—that is, neither series of statutes cited supra, towit, Vernon's Ann.Civ.St. art. 4875a—1 to 4875a—31, and article 4859f, §§ 1 to 20, contains any provision limiting or qualifying the effect of actual false statements, made in such circumstances as a basis for mutual aid insurance, to those only that increased the risk.

Wherefore, the rule thus stated with reference to fraternal insurance, which, as determined above, is on a parity with mutual aid so involved here, in Modern Order of Praetorians v. Davidson, Tex.Civ.App., 203 S.W. 379, 380, is controlling here:

"(1) In the absence of a statute to the contrary, false representations in an application for insurance, which the applicant warrants to be true, will avoid the policy, without reference to the materiality of such statements. Insurance Company v. Pinson, 94 Tex. 553, 63 S.W. 531; Brock v. United Moderns, 36 Tex. Civ.App. 12, 81 S.W. 340; Ins. Co. v. Blackstone [Tex.Civ.App.], 143 S.W. 702; W. of W. v. Lillard [Tex.Civ.App.], 174 S.W. 619; Jeffries v. Insurance Company, 22 Wall. (89 U.S.) 47, 22 L.Ed. 833; 14 R.C.L. 210.

"(2) Article 4947, R.S., Act 1903, provides that a misrepresentation to avoid a policy must be material to the risk. In Praetorians v. Hollmig, 105 S.W. 846, Reppond v. National Life Insurance Co., 100 Tex. 519, 101 S.W. 786, 11 L.R.A., N.S., 981, 15 Ann.Cas. 618, it was held by

our Supreme Court that this article did not apply to fraternal insurance. By reason of this decision, the Legislature in 1909 (chapter 36, p. 359) made substantially the same provision as to fraternal insurance as was provided in article 4947, in reference to other insurance. Mystic Circle v. Hansen [Tex.Civ.App.], 161 S.W. 54. In 1913, the Legislature expressly repealed chapter 36, supra (chapter 113, p. 220), and made no provision in reference to misrepresentations in fraternal insurance. Thus the law in this state in reference to misrepresentations in an application for fraternal insurance is as it was when Praetorians v. Hollmig was decided, and as it is at common law.

"(3) Defendant in error having made misrepresentations in his application for the certificate herein sued on in regard to his previous sickness and swellings, which he warranted to be true, but which were untrue, the trial court should have peremptorily instructed the jury, as requested by plaintiff in error, to return a verdict for the defendant." Modern Woodmen of America v. Atcheson, Tex.Civ.App., 219 S. W. 537, dismissed; National Aid Life Ass'n v. Miller, Tex.Civ.App., 43 S.W.2d 623, dismissed; Security Benefit Ass'n v. Hibler, Tex.Civ.App., 107 S.W.2d 470, dismissed agr.; Modern Order of Praetorians v. Hollmig, Tex.Civ.App., 105 S.W. 846; Modern Order of Praetorian v. Hollmig (reversing decision of Court of Civil Appeals in 103 S.W. 474), 100 Tex. 623, 103 S.W. 476; Sovereign Camp of W. O. W. v. Mendez, Tex.Civ.App., 123 S.W.2d 985; Imperian Life Ins. Co. v. Mooney, Tex.Civ. App., 122 S.W.2d 204; Castel v. First State Life Company, Tex.Civ.App., 122 S.W.2d 1113; Leonard v. Woman's Ben. Ass'n, Tex.Civ.App., 114 S.W.2d 1215; Cyclopedia Insurance Laws by Couch, Vol. 4, sec. 819-C, pages 26–28.

It follows from these conclusions that the sued-upon policy was void and unenforceable; the judgment will therefore be reversed and the cause rendered in appellant's favor.

Reversed and rendered.