AMERICAN GENERAL INSURANCE COM-
PANY, Appellant,

v.

Joe Bailey DENNIS, Appellee.

No. 15626.

Court of Civil Appeals of Texas.

Fort Worth.

May 27, 1955.

Rehearing Denied June 24, 1955.

---

R. T. Bailey and Wm. L. Richards, Dallas, for appellant.

Peery, Wilson & Spell and Kearby Peery, Wichita Falls, for appellee.

RENFRO, Justice.

The American General Insurance Company has appealed from a judgment in favor of Joe Bailey Dennis in a workmen's compensation case.

The first point of error is to the effect the court erred in admitting in evidence the hospital records of the Gainesville Sanitarium because they were hearsay as to appellant, not properly identified, not signed by any person and were ex parte statements of the person claiming to have made the records.

After the witness Patsy Holden testified that she was the official custodian of the hospital records, had with her the records in regard to the stay of Joe Bailey Dennis while in the Gainesville Sanitarium, that the records were made in the usual course of business of the hospital and were permanent records kept by the hospital, the records were offered in evidence and marked Ex- hibit 1 for identification. Then, in response to questions by appellant's attorney, the witness answered that they were all the records and that she had brought them down from the hospital just a few minutes before. The witness was then excused.

Upon the announcement of appellee's counsel that he was going to read the records to the jury, appellant's counsel objected that the entire record consisted of numerous ex parte statements made by various and sundry parties at a time when the appellant had no opportunity to cross-examine the witness, were hearsay as far as the appellant was concerned, and contained statements of various parties claiming to be doctors and parties claiming to be nurses about what was done and what was not done. The objection was overruled.

While the appellant's witness, Dr. Cirone, was on the stand he was asked by appellee's attorney, "Without going into all of these records I just want to ask you if you will look them over very briefly, and tell me if they are a true and correct reflection of what you wrote, and of what your findings were, and what went on in the hospital during Mr. Dennis' stay?" The witness answered, "Yes."

The appellant on appeal for the first time contends the records were not admissible because it was not shown that the Gainesville Sanitarium was a public hospital. Its contention is summed up in these words: "The only time that such records would be admissible would be if the records were those of a county hospital and in that situation the statutes require such records to be kept. And even if such a statute applied here, and it certainly does not, then the records would not be admissible because a proper foundation had not been laid."

The record does not show whether the Gainesville Sanitarium is a public or private hospital.

If it is a public hospital, the records were admissible under the statutes. Houston Life Ins. Co. v. Dabbs, Tex.Civ.App., 95 S. W.2d 484, reformed and affirmed, 132 Tex. 566, 125 S.W.2d 1041; Dallas Coffee & Tea

Co. v. Williams, Tex.Civ.App., 45 S.W.2d 724; Ynsfran v. Burkhart, Tex.Civ.App., 247 S.W.2d 907; Brown v. Shannon West Texas Memorial Hospital, Tex.Civ.App., 222 S.W.2d 248; 5 Tex.Jur. Ten Year Supp., p. 584, sec. 5a.

If the Gainesville Sanitarium is a private hospital, the records were admissible under Article 3737e, Vernon's Ann.Civ.St., wherein it is provided that a "memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that: (a) It was made in the regular course of business; (b) it was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record; (c) it was made at or near the time of the act, event or condition or reasonably soon thereafter." Section 2 provides that the identity and mode of preparation of the memorandum or record in accordance with the provisions of paragraph one may be proved by the testimony of the entrant, custodian or other qualified witness even though he may not have personal knowledge as to the various items or contents of such memorandum or record, and that such lack of personal knowledge may be shown to affect the weight and credibility of the memorandum or record but shall not affect its admissibility. Section 4 provides that "business" as used in the act includes any and every kind of regular organized activity whether conducted for profit or not.

▮ Under the record before us, it is clear that the appellee substantially met the requirements of Article 3737e.

▮ Even in the event the records were not properly proved in some particular or if it should be held that Article 3737e did not authorize the admission of such records, we are of the opinion that the error, if any, in admitting the records in evidence was harmless. The appellant does not show in any manner how it was harmed by the reception of the hospital records in evidence, or that there was anything prejudicial contained in the records.

▮ The appellate court will not reverse and remand a case for another trial on the ground that the trial court has committed an error of law in the course of the trial unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

A careful study of the record convinces us that the appellant did not show such error as amounted to a denial of its rights or such as calculated to cause and probably did cause the rendition of an improper judgment.

Point one is overruled.

At the conclusion of the opening argument to the jury by appellee's attorney, the appellant filed a motion for a mistrial, based on alleged improper argument. The appellant's point of error contends the argument was prejudicial and inflammatory and that appellee's counsel explained to the jury the effect of the answers to the special issues.

The motion for mistrial read: "Comes the defendant at the close of the opening argument as made by plaintiff's attorney in this case, and before the defendant has presented any argument, and moves the Court to declare a mistrial in this case because of the inflammatory and prejudicial argument of plaintiff's counsel, and the constant and persistent effort on the part of plaintiff's counsel to explain to the jury the effects of their answers to the issues in the Court's charge, and specifically pointing out to them that he would rather for them to have a hung jury than to answer said issues contrary to the way he was telling them; * * *." The motion continued: "That the argument as thus made to the jury by Mr. Wilson being as follows, to-wit: * * *." Then follows twenty-

three pages of what purports to be argument of appellee's attorney. The motion was overruled.

■ The Supreme Court in Smith v. United Gas Pipe Line Co., 149 Tex. 69, 228 S.W.2d 139, 143, held: "We further consider, as stated, that despite Rule 372(c) the proper way to preserve objections to improper argument is by bill of exception rather than by bringing up the court reporter's record of the argument as a part of or supplement to the statement of facts described in Rule 371, unless counsel agree on the latter method."

■ In Associated Employers Lloyds v. Wynn, Tex.Civ.App., 230 S.W.2d 838, 839, it is said: "The complained of argument is not shown by a bill of exceptions. It has often been held that in the absence of a bill of exceptions the appellate court will not pass upon the argument or remarks * * *. This is for the reason that the arguments do not ordinarily appear in the record unless preserved in a bill of exceptions duly authenticated by the trial judge, filed, and brought forward in the transcript."

■ The order of the court merely states that he considered the appellant's motion for a mistrial on account of the argument of Mr. Wilson and finds that same should be overruled. He does not find that such argument was made. It is merely an order that the motion for mistrial should be overruled. The order does not state that the argument was made and, so far as the record shows, the motion may have been overruled for the reason the argument was not made. There is no certification or authentication by the trial court that the purported argument was made. We have concluded that the complaint based on jury argument was not properly preserved.

■ We are of the opinion that even if we consider the motion and order overruling same as properly presenting the matter of improper argument to us, still the appellant has failed to show such harm as to justify us in remanding the case for a new trial. Neither the motion for mistrial nor the amended motion for new trial sets out any particular words of appellee's attorney and does not single out any particular statement as being prejudicial and inflammatory or being calculated to explain to the jury the effect of their answers. It is true that appellant included in its motion for mistrial what purports to be the entire argument of counsel but we do not believe it the burden of the trial court to study the entire speech to find specific statements supporting appellant's general conclusions. In other words, the appellant did not point out to the trial court the specific portion of the argument it deemed objectionable. It has been held that reversible error is not shown by a blanket objection to an argument or part thereof, some of which is proper. Fort Worth & R. G. Ry. Co. v. Bryant, Tex.Civ.App., 210 S.W. 556; Holt v. Collins, Tex.Civ.App., 131 S.W.2d 813.

■ Moreover, the Supreme Court in Aultman v. Dallas Railway & Terminal Co., Tex., 260 S.W.2d 596, held that Rule 434 is applicable to cases of improper argument and that in order to support a claim of reversible error it is necessary to show that the nature of the argument was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. See also Rogers v. Broughton, Tex.Civ.App., 277 S.W.2d 121; Alamo Motor Lines v. Maldonado, Tex.Civ.App., 271 S.W.2d 693. In view of the entire record and circumstances, we are of the opinion the appellant has not shown such error as was calculated to and probably did cause the rendition of an improper judgment. Accordingly, we hold the trial court did not abuse its discretion in overruling the motion for new trial. Unless it clearly appears that the trial court has abused its discretion, its holding must stand. Emberlin v. Wichita Falls, R. & Ft. W. Ry. Co., Tex.Com.App., 284 S.W. 539.

■ One of the issues submitted by the court was No. 3-A, reading as follows: "Do you find from a preponderance of the evidence that the hernia operation was not successful?" The jury answered it was not successful. Appellant's point three con-

tends the answer was against the undisputed and uncontradicted evidence and so against the great preponderance of the evidence as to show the jury was motivated with passion and prejudice against the appellant.

It is undisputed that a few days following the hernia operation another operation became necessary to remove a large portion of appellee's colon. It is the contention of appellee that serious complications followed the hernia and colon operations.

A doctor placed on the stand by the appellee testified he thought the hernia operation was successful. However, he was asked whether in his opinion there was any connection between the hernia operation and the twisting of the colon requiring the second operation. He answered, "Yes," that "following the first operation the man became gassed and the gas got to such an extent that it forced the colon to twist on itself. And, of course, that cut the blood supply off;" that "the hernia operation, of course, caused the second operation." He was asked if the hernia operation was successful to the extent that appellee was able to work now as he was before. The witness answered, "No, sir, he is not as able to work, and he never will be as able to work." At another point he testified that appellee's arthritis was caused from inflammation following the infection from the colon, which was caused by the gassing up from the first operation.

A doctor called to testify by the appellant testified that he performed the hernia operation and it was a success, that an operation is a success when the hernia does not recur. The same witness performed the operation on the colon. In answer to the question as to whether or not the hernia operation caused the second condition (the trouble with the colon), he answered, "I can't say that it did." In answer to questions as to whether there could have been some connection between the hernia operation and the twisting of the colon, the witness answered that it could have but he did not know what caused it.

Under the evidence we are unable to say that the testimony was so preponderant in favor of the success of the operation that the jury's answer to the contrary was motivated by prejudice and passion.

In addition there are other jury findings, unassailed by appellant, sufficient to support the judgment entered.

The judgment of the trial court is affirmed.